IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID DEJESUS, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-003-LPS |
| | : | |
| BERLINETTA J. WRIGHT, | : | |
| | : | |
| Defendant. | : | |

David DeJesus, Sr., Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 17, 2014
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff David DeJesus ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, an inmate, is housed at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Plaintiff alleges that Defendant Berlinetta J. Wright ("Wright"), an employee of the Delaware Services for Children, Youth and Their Families, has not done anything for him. While not clear, it appears that Plaintiff's child was removed from the custodial home. Plaintiff wants Wright removed from the case and replaced with "someone who will do her job and go to [his] sister who wants [his] daughter." Plaintiff wants "his baby" and he has "a court order that [he] can be with his children."

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When

determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV.     DISCUSSION

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The sparse allegations in the complaint do not rise to the level of a constitutional violation. Plaintiff provides no specific facts that describe how Defendant allegedly violated his constitutional rights. Nor does the complaint indicate where or when the alleged constitutional violations

occurred. The complaint, as it now stands, fails to meet the pleading requirements of *Iqbal* and *Twombly*.

Accordingly, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against the defendant (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file an Amended Complaint.

An appropriate Order follows.